1  DUANE B. BEESON, SBN 20215
   BEESON, TAYER & BODINE, PC
2  1404 Franklin Street, 5th Floor
   Oakland, CA  94612
3  Telephone:    (510) 625-9700
   Facsimile:    (510) 625-8275
4  Email:        dbeeson@beesontayer.com

5  Attorneys for Plaintiff
   Northern California Media Workers Guild, Local 39521, Typographical Sector

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTHERN CALIFORNIA MEDIA WORKERS GUILD, LOCAL 39521, TYPOGRAPHICAL SECTOR,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOSE MERCURY NEWS,<br><br>Defendant | Case No. C07-02637 PVT<br><br>**COMPLAINT FOR CONFIRMATION OF ARBITRATION AWARD**<br><br>[§301 of the National Labor Relations Act (29 U.S.C. § 185 and 9 U.S.C. § 9)] |

For its complaint in the above-entitled case, Plaintiff alleges as follows:

1. Plaintiff is a labor organization that represents composing room employees of the San Jose Mercury News in San Jose, California.

2. Defendant is a corporation licensed to do business in the State of California and is engaged in the publication of a daily newspaper of general circulation, as well as related publications, within the geographical jurisdiction of this Court. Defendant's principal place of business is in the City of San Jose, California. Defendant's business operations affect interstate commerce within the meaning of the National Labor Relations Act (29 U.S.C. § 152(6), (7)).

3. This Court has subject matter jurisdiction over this action pursuant to section 301 of the National Labor Relations Act (29 U.S.C. 29 § 185).

1  4. At all times relevant to this proceeding, Plaintiff and Defendant have been, and continue to be parties to a collective bargaining agreement, as well as a supplemental agreement, covering Plaintiff's members who are employed by Defendant in the production of display advertisements that appear in Defendant's publications. During the events in this case, the production of display advertisements was, and continues to be, performed by the use of computers. The work which is assigned to Plaintiff's members by the collective bargaining agreement appears in Section 4 of the agreement, and includes *inter alia*, "[t]he preparation and handling of all input and output for composing room work." The supplemental agreement between the parties similarly provides that "[w]hen keyboarding is required for the composition of display ads, it shall be performed by composing room employees." The supplemental agreement also includes the following provision with respect to display advertisements produced directly by an advertiser, or its agency, and electronically transmitted to Defendant as "camera ready":

> Direct entry or removal of computer disks may be produced by advertisers or advertising agencies. The Employer may assign composing room employees to the Digital Ad Team to perform the processing of data. However, it is specifically understood that such work is excluded as a part of the jurisdiction of the Union.

5. In 2005, a dispute arose between the parties over the application of the foregoing provisions in the agreement and supplemental agreement to work performed by Defendant's non-union Digital Ad Team (DAT) employees in processing display advertisements produced by advertisers and electronically transmitted to Defendant. Plaintiff contends that such processing work was contractually required to be performed by composing room employees represented by Plaintiff. Defendant's position, on the other hand, was that the work involved in the dispute was properly assigned to DAT employees.

6. Plaintiff filed four grievances in April, 2005, each alleging that the assignment of processing work by DAT employees on a particular display advertisement violated the provisions in the two agreements describing the scope of work to be assigned to composing room employees represented by Plaintiff. A copy of the provision of the collective bargaining agreement applicable to the settlement of such grievances is attached as Exhibit "A" to this

1  Complaint and made a part hereof.  In due course, the grievances were considered at the pre-
2  arbitration levels of Exhibit "A," but without resolution.  The grievances were then submitted to
3  arbitration by agreement of the parties before a single arbitrator, Donald E. Wollett, for a final
4  and binding determination of the dispute.

5        7.      On December 29, 2006, Arbitrator Wollett issued an Opinion and Award,
6  following three separate days of hearing, which resolved the dispute on its merits, and included a
7  "cease and desist" remedy.  A copy of Arbitrator Wollet's Opinion and Award is attached hereto
8  as Exhibit "B," and made a part hereof.

9        8.      Following the issuance of Arbitrator Wollett's Opinion and Award, the parties
10  have disagreed with respect to its meaning and application in connection with work that has
11  continued to be performed on display advertisements by DAT employees.  Accordingly, it is
12  proper and appropriate to obtain confirmation of this Court of the aforesaid arbitration award.

13        WHEREFORE, it is respectfully prayed that the Court assume jurisdiction in the
14  premises, and pursuant to such proceedings as are legally applicable, issue its judgment and
15  decree confirming and enforcing the arbitration award of Arbitrator Wollett, attached as Exhibit
16  "B" to this Complaint.

17

18  Date:   May 17, 2007                          Respectfully submitted,

19                                                BEESON, TAYER & BODINE, PC

20

21
                                                  By:        /s/Duane B. Beeson
22                                                         DUANE B. BEESON

23                                                Attorneys for Plaintiff
                                                  Northern California Media Workers Guild, Local
24                                                39521, Typographical Sector,

25

26

27

28

---

COMPLAINT TO CONFIRM ARBITRATION AWARD                                                              3
57180.doc