# AGREEMENT

BETWEEN

SAN JOSE MERCURY NEWS

AND

NORTHERN CALIFORNIA MEDIA WORKERS UNION
(TYPOGRAPHICAL SECTOR) #39521, CWA

**NORTHERN CALIFORNIA MEDIA WORKERS UNION-CWA 39521**
433 NATOMA STREET, ROOM 200 ✦ SAN FRANCISCO, CALIFORNIA 94103 ✦ (415) 777-0926 ✦ FAX: (415) 777-09??



Agreement to the foreman. The foreman shall also post the names of employees who have been designated assistant foreman on each shift. The supervisory foreman on any shift shall have full authority of the foreman except that he/she may not discharge employees or change office rules.

Nothing in this Section shall interfere with instructions being given by others for the proper execution of a job, when such instructions are deemed necessary by the foreman. The foreman is the sole judge of competency.

(b) Working foremen shall be permitted to perform work of the type ordinarily performed by other employees for not more than the number of days or nights which constitute the straight-time work week or the number of hours that constitute a day's or night's work. Provided, the foreman when performing such work shall comply with the same overtime provisions as other employees. Provided further, the foreman, the executive assistant foreman and the shift foreman may do batching of ads, handling of complete ads and ad jackets, proofs, copy (either editorial or advertising) and film, final check desk provided proofreading is not performed by other than composing room employees without being considered a working foreman.

(c) A foreman performing executive or clerical work exclusively is not subject to the overtime provisions recognized in Section 2(c). A foreman who does any work within the jurisdiction of the Union at any time is subject to the overtime provisions recognized in Section 2(c).

(d) It is agreed that the foreman and up to four (4) assistant foremen may be members in good standing in the Union. In the event that such persons are carried on the Attrition List and they choose not to remain members of the Union, they shall forfeit their priority and their names shall be removed from the Attrition List. The authority of the foreman shall be exercised in a non-discriminatory manner under law and this Agreement, and no foreman-in-charge shall be subject to fine, discipline or expulsion by the Union for any act within the scope of such authority.

## CHAPEL ORGANIZATION

Section 10(a) Nothing contained herein shall be construed to interfere in any way with the Union's operation of a chapel organization nor in the establishment by such chapel of any rules for the conduct of its affairs, provided that such rules are not in conflict with law or this Agreement. Members of a chapel, even though they constitute a majority of the Union, have no right in chapel meetings to take any action amending, suspending or in any way affecting the laws or agreements of the Union.

(b) The chapel chairman or an acting chairman chosen by the chapel shall be on duty each shift and shall be allowed such time as is reasonable to perform chapel duties. The hours and slide days of the chairman and the vice chairman shall be at the discretion of the chapel and shall not be subject to claim, providing that there is an existing situation on the shift and that the vice-chairman is competent to perform the work required.

(c) Representatives of the Union, chairmen or acting chairmen shall be exempt from discipline or discharge in the performance of their Union duties so long as such activity does not interfere with the publication of the newspapers.

## SETTLEMENT OF DISPUTES

Section 11(a) It is agreed between the parties that controversies must be avoided. To this end both parties will, in every instance, give prompt attention to disputes and will in good faith endeavor to settle all differences by amicable discussions.

7 – SJMN/MEDIA WORKERS UNION: AGREEMENT

Any controversy (except as provided otherwise in this Agreement) arising under this Agreement between the Employer and the Union shall be submitted to the President, or a representative of the Union, and the Employer, or the Employer's representative, for conciliation. Pending final settlement, except as hereinafter provided, conditions prevailing prior to the incident causing the dispute shall be maintained.

(b) In the event any dispute or difference arises that is not settled in this manner within five (5) days after receipt of notice by the other party, the issue shall be referred to the Joint Standing Committee, unless otherwise provided in this Agreement. The Joint Standing Committee shall be composed of two (2) representatives of the Employer and two (2) representatives of the Union. In the case of a vacancy or the absence or refusal to act of any representative, another shall be immediately appointed. Such Joint Standing Committee shall meet within five (5) days, exclusive of Saturdays, Sundays and holidays, after the matter is referred to it in writing. In the event either party fails to meet within the time limits above specified, in the absence of a written agreement extending time, such party shall be deemed to have forfeited its case.

(c) In the event the Joint Standing Committee fails to reach an agreement within five (5) days after the first meeting, either party may request, within 48 hours thereafter, that such dispute be referred to a fifth member for an interim award. The fifth member shall be selected from among the following: William Eaton, David C. Nevins, Barbara Chvany, Joseph Garbarino, Francis Walsh, Armon Barsamian, Gerald McKay, Alexander Cohen and Donald Wollett. In the event there is disagreement as to which of these arbitrators shall serve, he/she shall be selected by the elimination process. Hearings on the dispute shall commence immediately upon the selection and availability of the arbitrator and shall proceed until such dispute is settled.

The hearing for said interim award shall be without transcript and without formalities normally attendant upon a full arbitration. The arbitrator is vested with the power to determine whether either party is violating or has violated the Agreement and shall have the power, in the event a violation is found, to set forth the remedies for correcting the violation and the time limit within which compliance with such remedies shall be accomplished. Such award shall be handed down within two (2) days, exclusive of Saturdays, Sundays and holidays, after the date of the hearing.

Either party may appeal the interim arbitration award to final arbitration; provided, the interim award shall be complied with, pending a final arbitration.

In the event either party shall appeal the interim award, such appeal shall be filed in writing anytime within thirty (30) days after the issuance of the interim award.

If no appeal is filed within the time limit specified, the interim award shall be regarded as final by both parties.

(d) In the event the Joint Standing Committee is unable to resolve any matter referred to it, and no interim award has been sought by either party, either party may demand a fifth member who shall be designated as set forth in (c) above, in this way forming a Local Arbitration Board.

The decision of a majority of the members of the arbitration board as thus constituted shall be final and binding on both parties. In the event an appeal is filed from an interim award it shall be referred to the Local Arbitration Board within the time limits above set forth.

The arbitrator issuing an interim award shall serve as Chairman of the Board of Arbitration and shall be vested with the power to determine, in the event of a controversy, the issues to be decided in the arbitration and the wording of the issues.

(e) The General Laws of the Printing, Publishing and Media Workers Sector of the CWA shall not be submitted to arbitration.

(f) The jurisdiction of the Joint Standing Committee and the arbitration procedures herein is limited to questions involving the application, interpretation or alleged violation of this Agreement, and discharge cases.

## DISCHARGE AND APPEAL

Section 12(a) The foreman of the composing room shall be the judge of an employee's competency. The foreman may discharge for incompetency, violation of office rules or insubordination (which shall be kept conspicuously posted and which shall not abridge the civil rights of the employees or their rights under accepted Printing, Publishing and Media Workers Sector of the CWA laws) and neglect of duty. If an employee is sent home from work by an acting foreman and is not permitted to return to work until he or she has seen the foreman, such employee shall not suffer loss of pay for such period of time solely because the foreman is unavailable, which shall include Saturdays, Sundays and holidays, unless the foreman discharges the employee or the Joint Standing Committee determines otherwise.

(b) A discharged employee, or the Union acting in his/her behalf, may contest the discharge in accordance with the following procedures.

(c) Within twenty-four (24) hours after being informed of the discharge, the employee or the Union may request of the foreman a statement in writing of the reason or reasons for the discharge, which statement shall be given within twenty-four (24) hours thereafter.

(d) Within twenty-four (24) hours after the discharged employee receives the foreman's written statement of reason for the discharge, the chapel chairman shall notify the foreman of any intention to appeal the discharge.

(e) The employee shall have the option of appealing the discharge to the Joint Standing Committee, in writing.

If this is done, the foreman shall reinstate the employee at the employee's next regularly scheduled shift following receipt of the notice of appeal. Provided, the Employer may limit such reinstatement to a maximum of ten (10) working days while the matter is being appealed by the Employer to the Joint Standing Committee and/or the arbitrator. Provided further, at the option of the Employer, the employee shall be paid for his/her regularly scheduled shifts (and credited for all contract benefits) but may not be required to work.

(f) In case of appeal to the Joint Standing Committee by a discharged employee or the foreman, such committee shall meet within twenty-four (24) hours to review the facts relating to the discharge in an attempt to reach an amicable settlement.

(g) A majority of the Joint Standing Committee shall have the power to confirm, reverse or modify the discharge and/or any bar and to decide the amount, if any, due the employee for time lost. The Joint Standing Committee may hear witnesses and take evidence. In rendering its decision, the committee shall take into consideration all the facts and conditions surrounding the discharge. The decision of the Joint Standing Committee shall be final and binding on the employee, the foreman and the parties hereto.