1  RICHARD A. LEASIA SBN 73397
   rleasia@thelen.com
2  DANIEL J. MULLER SBN 193396
   dmuller@thelen.com
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   225 West Santa Clara Street, Suite 1200
4  San Jose, CA  95113
   Tel. 408.292.5800
5  Fax 408.287.8040

6  Attorneys for Defendant San Jose Mercury News
   SAN JOSE MERCURY NEWS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA MEDIA WORKERS GUILD, LOCAL 39521, TYPOGRAPHICAL SECTOR,<br><br>Plaintiff,<br><br>vs.<br><br>SAN JOSE MERCURY NEWS,<br><br>Defendant. | Case No.: C07-02637 PVT<br><br>**ANSWER TO COMPLAINT FOR CONFIRMATION OF ARBITRATION AWARD** |

In answer to the complaint filed in the above-entitled case, Defendant San Jose Mercury News pleas and alleges as follows:

1.  Answering paragraph 1 of the Complaint, the Defendant admits so much of the allegations contained therein as state or imply that the Plaintiff is a labor organization, and that as such it represents certain individuals employed in the San Jose Mercury News' Composing Room in San Jose, California, but except as so admitted, the Defendant denies generally and specifically, each and every, all and singular the remaining allegations of said paragraph.

2.  Answering paragraph 2 of the Complaint, the Defendant admits so much of the allegations contained therein as state that the Defendant is licensed to do business in the State of

1  California; that it is engaged in the publication of a daily newspaper of general circulation within
2  the geographical jurisdiction of this Court; that its principal place of business is in the City of San
3  Jose, California; and that its business operations affect interstate commerce within the meaning of
4  the National Labor Relations Act, 29 U.S.C. §152(6), (7), but except as so admitted, the Defendant
5  denies generally and specifically, each and every, all and singular the remaining allegations of said
6  paragraph.

7      3.    Answering paragraph 3 of the Complaint, the Defendant is without knowledge or
8  information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of
9  the Complaint, and on that basis denies generally and specifically, each and every, all and singular
10 the allegations of said paragraph.

11     4.    Answering paragraph 4 of the Complaint, the Defendant admits so much of the
12 allegations contained therein as state or imply that the Plaintiff and Defendant have been parties to
13 a collective bargaining agreement which expired and was terminated by action of the parties on
14 June 30, 2006, and have been and continue to be parties to a supplemental agreement, covering
15 Plaintiff's members who are employed by Defendant in the production of certain display
16 advertisements that appear in Defendant's publications; that during the events described in the
17 Complaint the production of certain display advertisements was, and continues to be, performed
18 by the use of computers; that Section 4 of the expired collective bargaining agreement provided,
19 inter alia, that "[w]hen a computer is performing composing room work, the jurisdiction of the
20 Union includes: (1) the preparation and handling of all input and output for composing room
21 work; . . . ."; that the supplemental agreement between the parties provides, inter alia, that "[w]hen
22 keyboarding is required for the composition of display ads it shall be performed by composing
23 room employees"; and that the supplemental agreement also includes the following provision:

24     Direct entry or removable computer disks may be produced by
25     advertisers or advertising agencies.  The Employer may assign
26     composing room employees to the digital ad team to  perform the
27     processing of digital data.  However, it is specifically understood
28     that such work is excluded as part of the jurisdiction of the Union.

1  Except as so admitted, the Defendant denies generally and specifically, each and every, all and
2  singular the remaining allegations of said paragraph.

3      5.   Answering paragraph 5 of the Complaint, the Defendant admits so much of the
4  allegations contained therein as state or imply that in 2005 a dispute arose between the parties
5  regarding work performed by Defendant's non-union Digital Ad Team (DAT) employees
6  regarding its processing of certain display advertisements produced by advertisers and
7  electronically submitted to Defendant; that Plaintiff contends that such processing work was
8  contractually required to be performed by composing room employees represented by Plaintiff,
9  and that Defendant's position was that the work involved in the dispute was properly assigned to
10 DAT employees. Except as so admitted, the Defendant denies generally and specifically, each and
11 every, all and singular the remaining allegations of said paragraph.

12     6.   Answering paragraph 6 of the Complaint, the Defendant admits so much of the
13 allegations contained therein as state or imply that the Plaintiff filed four grievances in April, 2005
14 alleging that the assignment of certain processing work to Digital Ad Team ("DAT") employees
15 on four different advertisements violated provisions of the collective bargaining agreement and
16 supplemental agreement then in effect between the parties; that a copy of provisions of the
17 collective bargaining agreement applicable to the settlement of disputes is attached to the
18 Complaint as Exhibit A; that the grievances were considered in various levels of the dispute
19 resolution process preceding arbitration, but were not resolved; and that the grievances were
20 submitted to arbitration before Donald E. Wollett for a final and binding determination of the
21 disputes raised in each of the four grievances. Except as so admitted, the Defendant denies
22 generally and specifically, each and every, all and singular the remaining allegations of said
23 paragraph.

24     7.   Answering paragraph 7 of the Complaint, the Defendant admits so much of the
25 allegations contained therein as state that on December 29, 2006 arbitrator Wollett issued an
26 Opinion and Award on the arbitration, following three separate days of hearing, which decision
27 included a cease and desist remedy, and that a copy of arbitrator Wollett's Opinion and Award is
28

attached to the Complaint as Exhibit B.  Except as so admitted, the Defendant denies generally and specifically, each and every, all and singular the remaining allegations of said paragraph.

8. Answering paragraph 8 of the Complaint, the Defendant admits so much of the allegations contained therein as state that following the issuance of arbitrator Wollett's Opinion and Award the parties have disagreed with respect to its meaning and application with respect to work that has continued to be performed on certain display advertisements by DAT employees, but except as so admitted, the Defendant denies generally and specifically, each and every, all and singular the remaining allegations of said paragraph.

**AFFIRMATIVE DEFENSES**

Furthermore, and by way of separate and affirmative defense, the Defendant alleges as follows:

FOR AND AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, the Defendant asserts that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

FOR AND AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, the Defendant asserts that the Plaintiff's Complaint is untimely, in that it was filed more than three months after the arbitrator's award was filed or delivered.

FOR AND AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, the Defendant asserts that the Court is without subject matter jurisdiction over this matter, in that the underlying agreements between the parties do not provide for entry of judgment upon the arbitrator's award.

FOR AND AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, the Defendant asserts that the Court is without subject matter jurisdiction over this matter, primary and exclusive jurisdiction over the Plaintiff's claims having been vested in the National Labor Relations Board by Section 9 of the National Labor Relations Act, 29 U.S.C. Section 159.

FOR AND AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, the Defendant asserts that the underlying Opinion and Award are incapable of either confirmation or enforcement, in that the arbitrator exceeded the powers conferred upon him by the parties and their agreements, and so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

1  Dated: June 18, 2007

2                              THELEN REID BROWN RAYSMAN & STEINER LLP

3

4
                            By          /s/
5                              Richard A. Leasia
                               Attorneys for Defendant
6                              San Jose Mercury News